Joshua G. Gigger (12100)
STOEL RIVES LLP
201 South Main Street, Suite 205
Salt Lake City, UT  84111
josh.gigger@stoel.com
Telephone:  801.328.3131
Facsimile:  801.578.6999

*Attorneys for Plaintiff Chums, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| CHUMS, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CARSON OPTICAL, INC.,<br><br>　　　　　Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>Case No.   2:25-cv-1155<br><br>Judge:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Chums, Inc. ("Chums"), by and through counsel, hereby files this complaint for Declaratory Judgment of Non-Infringement against Defendant Carson Optical, Inc. ("Defendant"), as follows:

## PARTIES, JURISDICTION, & VENUE

1. Plaintiff Chums is a Utah Corporation with its principal place of business in Salt Lake City, Utah.

2. Upon information and belief, Defendant is a New York Corporation with its principal place of business in Ronkonkoma, New York.

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338 as it involves claims relating to patents and 28 U.S.C. § 1331 as it involves a federal question. This Court further has jurisdiction over this complaint for declaratory judgment under at least 28 U.S.C. § 2201 and § 2202. The Court also has jurisdiction under 28 U.S.C. § 1332 as the action is between citizens of different states such that there is complete diversity between the parties, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

4. Upon information and belief, Defendant markets and sells products throughout the United States, including within this District.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as Defendant has directed the threats of patent infringement complained of herein in this District and the alleged acts, omissions, and events giving rise to Defendant's

allegations and Chums' causes of action occurred within or were directed to this District.

6. This Court has specific personal jurisdiction under Utah's long-arm statute, Utah Code Ann. § 78B-3-205, because, on information and belief, (1) Defendant has transacted business within Utah; (2) Defendant has supplied services or goods in Utah; (3) Defendant has caused injury within Utah through its conduct that give rise to this Complaint; and (4) jurisdiction based on Defendant's contacts with Utah (including, but not limited to, its operation of websites and/or sales of goods or services) is not inconsistent with the Constitution of the State of Utah or the Constitution of the United States.

## GENERAL ALLEGATIONS

7. Chums realleges and incorporates the preceding paragraphs of this Complaint.

8. Upon information and belief, Defendant owns the rights, title, and interest to U.S. Design Patent No. D898,815 ("the '815 patent"), entitled "EYEWEAR RETAINER." A copy of the '815 patent is attached at **Exhibit A**.

9. Upon information and belief, Defendant owns the rights, title, and interest to U.S. Design Patent No. D938,136 ("the '136 patent"), entitled "WRIST STRAP." A copy of the '136 patent is attached at **Exhibit B**.

3

10. In October 2025, Mr. Richard Cameron, the President of Defendant, contacted Chums alleging that certain of Chums' products infringed the '136 patent and '815 patent (collectively, the "Asserted Patents").

11. In the following weeks, Chums and Defendant discussed Chums' non-infringement of the Asserted Patents.

12. On December 10, 2025, Chums received a demand letter (the "Demand Letter") from counsel for Defendant, asserting that Defendant is the owner of the Asserted Patents. The Demand Letter alleged that Chums' SportFloat Retainers infringe the '815 patent, and that Chums' SportFloat Wrist Straps infringe the '136 patent. The Demand Letter included images purporting to compare Chums' SportFloat Retainer to the '815 patent, and purporting to compare Chums' SportFloat Wrist Strap to the '136 patent. The Demand Letter "demand[ed] that CHUMS immediately cease and desist from further acts of infringement, including without limitation, making, using, offering for sale, and/or selling the SportFloat Retainers and SportFloat Wrist Straps in the United States without authorization." A copy of the letter is attached at **Exhibit C**.

# FIRST CAUSE OF ACTION
### (DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF US PATENT NO. D938,136)

13. Chums realleges and incorporates the preceding paragraphs of this Complaint.

14. Defendant purports to be the owner of the '136 patent.

15. Defendant has accused Chums of infringing the '136 patent.

16. Chums has not and does not directly, indirectly, contributorily, and/or by inducement infringe any valid and enforceable claim of the '136 patent.

17. An actual and justiciable controversy exists between Chums and Defendant regarding the alleged infringement of the '136 patent.

18. Chums is entitled to a declaration that it does not infringe any valid and enforceable claim of the '136 patent.

19. Accordingly, Chums is entitled to a judicial declaration that it has not infringed the '136 patent. A judicial determination of the dispute recited above is necessary and appropriate at this time so the parties may ascertain their respective rights and obligations with respect to the '136 patent.

## SECOND CAUSE OF ACTION
### (DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF US PATENT NO. D898,815)

20. Chums realleges and incorporates the preceding paragraphs of this Complaint.

21. Defendant purports to be the owner of the '815 patent.

22. Defendant has accused Chums of infringing the '815 patent.

23. Chums has not and does not directly, indirectly, contributorily, and/or by inducement infringe any valid and enforceable claim of the '815 patent.

24. An actual and justiciable controversy exists between Chums and Defendant regarding the alleged infringement of the '815 patent.

25. Chums is entitled to a declaration that it does not infringe any valid and enforceable claim of the '815 patent.

26. Accordingly, Chums is entitled to a judicial declaration that it has not infringed the '815 patent. A judicial determination of the dispute recited above is necessary and appropriate at this time so the parties may ascertain their respective rights and obligations with respect to the '815 patent.

## PRAYER FOR RELIEF

WHEREFORE, Chums prays for the following relief:

A. The Court enter a judgment declaring that the '136 patent is not infringed by

Chums;

B. The Court enter a judgment declaring that the '815 patent is not infringed by Chums;

C. The Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 that entitles Chums to an award of its reasonable attorneys' fees;

D. Chums be awarded its costs of suit;

E. Chums be awarded pre-judgment interest; and

F. Chums be awarded such further legal and equitable relief as the Court may deem just.

## JURY DEMAND

Chums hereby demands a trial by jury on any matters so triable.

DATED: December 22, 2025

Stoel Rives LLP

/s/ *Joshua G. Gigger*
Joshua G. Gigger

Attorneys for Plaintiff Chums, Inc.